UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, <br><br> Plaintiff, <br><br> v. <br><br> ZACK HAYDEN, et al., <br><br> Defendants. | CAUSE NO.: 3:17-CV-798-JD-MGG |

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 alleging that Officer Zack Hayden used excessive force against him while he was housed at the Wells County Jail, Officer Misty Haddix failed to intervene and was deliberately indifferent to his medical needs, and Sheriff Monty Fisher failed to supervise and train his officers. Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Ybarra alleges that, on January 15, 2016, Officer Hayden and Officer Haddix were leading him and other inmates back to their block following a shake

down. As he was waiting for the door to unlock, he was looking in the direction of another block. Officer Haddix told Ybarra twice to get to the right of the hall. He complied. Officer Hayden approached Ybarra from behind, making a comment that Ybarra could not quite hear. Then, Officer Hayden grabbed Ybarra by the back of the neck, shoved his head into a wall, yelled obscenities[1], and again pushed his head into the wall. As Ybarra entered the block, Officer Hayden grabbed his wrist and, using his body weight and forearm, drove Ybarra's face into a mirrored window. Ybarra indicates he was not resisting or being combative. He was told to go to his cell, but he instead sat on a table and requested to see a lieutenant. He was told there was not a lieutenant on duty. Officer Hayden then held a taser to Ybarra's chest and again yelled at him to get in his cell. While Ybarra was walking into his cell, Officer Hayden pushed him from behind and then threw his property box in the cell. Guards may not use excessive force against pre-trial detainees. *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (holding that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."). Here, Ybarra states a claim that Officer Hayden used excessive force against him, in violation of the Fourteenth Amendment.

Ybarra also alleges that Officer Haddix saw this assault and did nothing to stop it. State actors "who have a realistic opportunity to step forward and prevent a fellow

---

[1] To the extent Ybarra intended to bring a claim against Officer Hayden for verbal harassment, the claim lacks merit. Mere verbal harassment does not state a claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)(rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

[state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it can be plausibly inferred that Officer Haddix was present for the entire altercation between Ybarra and Officer Haydon and that it lasted sufficiently long for her to have an opportunity to take some action, yet she did nothing. Therefore, Ybarra has stated a claim against Officer Haddix for failure to intervene.

Later the same day, Officer Haddix returned to Ybarra's cell with his nightly medication. Ybarra told Officer Haddix his face and neck hurt and asked to be seen by medical staff. Officer Haddix returned, and told Ybarra that she called the nurse and the nurse told her to give Ybarra some ice. But, Ybarra never got the ice. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. \_\_, \_\_; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims). A medical need is "serious" if it is "one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Here, a nurse directed that Ybarra should receive ice for his wounds. Officer Haddix knew this because she conveyed to Ybarra that she was told to give him ice. Yet, she did not do it. It can be plausibly inferred from these allegations that Officer Haddix was deliberately indifferent to Ybarra's medical needs. Therefore, Ybarra has stated a claim against Officer Haddix for deliberate indifference to his serious medical needs.

Ybarra has also sued Sheriff Monty Fisher. He alleges that, as a supervisor, Sheriff Fisher "failed to protect, fix, or proper [sic] allow me to report this situation and failed to adequately train or supervise his … subordinates." (ECF 6 at 4.) Each of these claims lacks merit.[2] The allegation that Sheriff Fisher failed to train his officers lacks merit because "[a]n allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," but Ybarra's complaint does not allege a pattern of violations and does not explain how the training of officers was inadequate. Second, Ybarra's allegation that Sheriff Fisher failed to protect him lacks merit because he does not allege that Sheriff Fisher had any

---

[2] While not listed as a defendant, in the body of his amended complaint, Ybarra makes these same allegations against Jail Commander Karen Thompson. (ECF 6 at 4.) If Thompson were named as a defendant, the claims against her would lack merit for the same reasons they lack merit as to Sheriff Fisher.

4

knowledge that he was in need of protection. Sheriff Fisher is not liable merely because he supervised other defendants. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Last, Ybarra alleges that Sheriff Fisher did not allow him to report the situation. But, a prisoner has no due process rights with respect to the prison grievance procedures, and that an official ignores, mishandles, or denies a prisoner's grievances does not state a claim under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (citations omitted). Likewise, a prisoner has no due process right to file a police report, or have prison officials file a police report on his behalf. *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006); *Yhwhnewbn v. Leak*, No. 11 C 5653, 2012 WL 3061848 at *1 (N.D. Ill. July 26, 2012) (noting that the Constitution does not "vest her with the right to obtain a police report."); *Foley v. Village of Weston*, No. 06-C-350-C, 2007 WL 314465, at *3 (W.D. Wisc. Jan. 29, 2007) (stating that, unlike criminal defendants, "persons who are not the subject of criminal prosecution have no . . . constitutional right to obtain police reports."). Therefore, Ybarra has not stated a claim against Sheriff Fisher.

When seen by medical staff six days later, Ybarra was charged $15 for the medical visit and $15 for medication. This does not state a claim. The constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Randy Ybarra leave to proceed on a claim against Officer Zack Hayden in his individual capacity for compensatory and punitive damages for using excessive force against him on January 15, 2016, in violation of the Fourteenth Amendment;

(2) GRANTS Randy Ybarra leave to proceed on a claim against Officer Misty Haddix in her individual capacity for compensatory and punitive damages for failing to intervene when Officer Hayden used excessive force against Ybarra on January 15, 2016, in violation of the Fourteenth Amendment;

(3) GRANTS Randy Ybarra leave to proceed on a claim against Officer Misty Haddix in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs on January 15, 2016, in violation of the Fourteenth Amendment;

(4) DISMISSES Sheriff Monty Fisher;

(5) DISMISSES any and all other claims contained in the complaint;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Zack Hayden and Officer Misty Haddix at the Wells County Sheriff's Department with a copy of this order and the amended complaint (ECF 6), pursuant to 28 U.S.C. § 1915(d); and

(7) ORDERS Officer Zack Hayden and Officer Misty Haddix to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the

claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 3, 2018.

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT